UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-cr-10014-PBS |
| | ) | |
| MIGUEL ADAMES-PEREZ | ) | |
| | ) | |

DEFENDANT'S SENTENCING MEMORANDUM
AND MOTION FOR DOWNWARD DEPARTURE

Defendant, Miguel Adames-Perez, submits this motion for a downward departure.

Miguel Adames-Perez is a 37-year-old Dominican charged with illegal reentry into the United States. His guideline is, as agreed by the parties, offense level 17 in Criminal History Category I, 24-30 months.

I.

Defendant had first entered the United States in 1988, and was deported in 1989. At the time of his 1989 deportation, defendant was told by INS that he was barred from reentering the United States for five years, otherwise he would be prosecuted for a felony. The written warning, provided in English and Spanish, was as follows:

> Should you wish to return to the United States you must write this office or the American Consular Office nearest your residence abroad as to how to obtain permission to return after deportation. By law (Title 8 of United States Code, Section 1326) <u>any deported person who within five years returns without permission is guilty of a felony</u>. If convicted he may be punished by imprisonment of not more than two years and/or a fine of not more than $1,000.00.

INS form I-294 [emphasis added]. A copy of the form is attached.

Acting on that advise, Adames-Perez did not reenter the United States for well over five years.

In <u>United States v. Pichardo-Pantaleon</u>, Criminal No. 96-10283-MLW (Feb. 1997), the court construed the same language on the I-294, finding that the INS had led the defendant to believe he could not be imprisoned if he returned to the United States after five years.  For that reason, the court departed downward to impose a four month sentence.  (The government had recommended imposition of a twelve month sentence.)

Similarly, in <u>United States v. Bernard Vargas</u>, Criminal No. 98-10050-WGY, the court imposed a sentence of one year and a day, on departure from an otherwise-applicable range of 41-51 months.

Similarly here, defendant returned to the United States under the reasonable belief based on written and oral representations by the INS that to do so more than five years after deportation would not be a felony.  The advice by INS was an incorrect statement of the law, <u>see</u> 8 U.S.C.A. § 1326 (1987) (ever since § 1326 was enacted in 1952, it has been a felony to reenter the United States without consent after deportation regardless of how long after the deportation the alien reenters), but defendant relied upon it to his detriment.

II.

Defendant was taken into INS custody on December 24, 2003 and held for thirty days, until January 23, 2004, when he was transferred to this Court for prosecution.  Defendant seeks a downward adjustment of one additional month for that period.  In <u>United States v. Cisneros</u>, No. 02-10044-DPW (Sept. 5, 2002), on a charge of illegal reentry of a deported alien, the court stated that "[a] one month downward adjustment to the low end of the guideline range is appropriate to provide defendant with credit for the period of time the defendant was held in civil detention while in the Attorney General's/INS custody prior to being charges with this

offense." Similarly, in <u>United States v. Darmund</u>, Cr. 01-30036 (March 25, 2002), Judge Ponser permitted a one month departure in a similar case, "[b]ased upon Court's determination that the defendant should receive credit for time spent in INS custody."

CONCLUSION

For these reasons, defendant moves for downward departures and asks for a sentence of 18 months in custody.

MIGUEL ADAMES-PEREZ<br>By his attorney,<br><br> /s/ Charles McGinty<br>Charles P. McGinty<br> B.B.O. #333480<br>Federal Defender Office<br>408 Atlantic Avenue, 3rd Floor<br>Boston, MA  02110<br>Tel: 617-223-8061

September 7, 2004